# EXHIBIT A

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2084CV01307

*A TRUE COPY ATTEST
DAVID D. AYLES,
AND DISINTERESTED PROCESS SERVER
PERSON*

Oscar Avina Varela, PLAINTIFF(S),

v.

Turner Construction Company, DEFENDANT(S)

## SUMMONS

c/o CT Corp.

THIS SUMMONS IS DIRECTED TO Turner Construction Company (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, _____ Court, _____ (address), by mail or in person, **AND**
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Ten Tremont Street, Suite 7, Boston MA 02108

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK , SS                                    SUPERIOR COURT
                                                C.A NO:

OSCAR AVINA VARELA,

    Plaintiff

    vs.

TURNER CONSTRUCTION COMPANY et al..
Defendant

## COMPLAINT AND JURY DEMAND

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Oscar Avina Varela, is a citizen of New Hampshire, residing 66 Jefferson Street, Manchester, New Hampshire 03101.
2. The Defendant, Turner Construction Company., (hereinafter "Turner" or "Defendant") is a foreign corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 375 Hudson Street, 6th Floor, New York, New York, 10014, with Massachusetts location at 2 Seaport Lane, Boston, Massachusetts, 02210, and Registered Agent CT Corp located at 155 Federal Street STE 700, Boston Massachusetts, 02210.
3. Turner transacted substantial construction business and/or conducted business within the Commonwealth of Massachusetts.

## FACTS

4. At all times relevant hereto, the Defendant was doing business within the Commonwealth of Massachusetts and was contracted by Pier 4 Condo Development, 9th Floor, Boston, 4 Pier Street, Massachusetts (hereinafter the "Subject Premises").
5. On December 1, 2018, and at all times relevant hereto, the Plaintiff Oscar Avina Varela was employed Manganaro North America, LLC, working at the Subject Premises.

6. On or about December 1, 2018, Defendant, through its employees, agents or servants, were performing work at the Subject Premises, constructing units including drywall installation.
7. During their work installing drywall employees, agents, and/or servants of Turner failed to take proper care in clearing debris, including flashing iron angles, from the floor of the unit in which Turner employees, agents, and/or servants were working.
8. On or about December 1, 2018, the Plaintiff was caused to fall when his right leg was caught between pieces of iron due to the condition caused by the Defendants on the floor at the Subject Premises.
9. The Plaintiff was traversing the facility while performing his job duties and carrying a sheet of drywall when he stepped across the floor of the Subject Premises and was caused to fall due to debris and iron left on the floor.
10. As a result of the fall, Mr. Varela suffered severe and permanent injuries included but not limited to a torn meniscus in his right leg. Mr. Varela underwent a surgery on his knee as a result of his injury.
11. As a result of the incident, Mr. Varela has sustained substantial medical expenses and will continue to sustain such losses throughout the remainder of his life.
12. As a result of the occurrence, Mr. Varela has sustained lost wages in a substantial amount and will continue to sustain such losses throughout the remainder of his life.
13. As a result of the occurrence, Mr. Varela has required ongoing medical care, treatment, surgical treatment, physical therapy and other modalities of treatment.
14. As a result of the occurrence, Mr. Varela's injuries are permanent in nature and will have permanent residual effects, requiring long term care, treatment, with permanent economic loss and consequent pain, suffering, disability, anguish and the ongoing requirement for medical and surgical procedures and monitoring.

### COUNT 1
### NEGLIGENCE
### Oscar Avina Varela vs. Turner Construction Company, LLC.

15. Paragraphs 1-14 are hereby re-alleged and incorporated by reference as if set forth fully herein.

16. The Defendant had a duty to ensure that the area where Mr. Varela was working was reasonably safe for the work being performed by the Plaintiff and in compliance with all building codes.

17. The Defendant breached said duty by failing to exercise reasonable care, including but not limited to the failure to provide Mr. Varela with reasonably safe working conditions. This negligence was the proximate cause of his fall and the injuries claimed.

18. The Plaintiff further states that the Defendant had control of the area where the Plaintiff fell, and that Defendant breached its duty of maintaining the area in a reasonably safe condition.

19. The aforementioned incident was caused solely and exclusively by reason of the negligence of the Defendant, individually and/or through its agents, servants or employees, and was caused in no manner whatsoever by any act or failure to act on the part of the Plaintiff.

20. The Defendant negligently maintained the floor of the Subject Premises leading to creating of a dangerous condition which was the cause of the Plaintiff's fall and subsequent injuries.

21. The Defendant negligently failed to mark, block off, or otherwise warn of the dangerously condition at the Subject Premises.

22. The Defendant failed to address Mr. Varela's complaint and request that the debris on the floor be removed.

23. As a direct and proximate result of the negligence of the Defendant, The Plaintiff, Oscar Avina Varela was caused to suffer serious and disabling personal injuries, pain and suffering, incur medical expenses, lost wages, loss of earning capacity, and other damages.

24. As a further result of the negligence of the Defendant herein, the Plaintiff has been put to great expense for medicine, medical attention, nursing, physical therapy, and surgery and will for an indefinite time in the future be obliged to expend further monies in an effort to cure himself of the injuries he has suffered, all to his great detriment and loss.

25. As a further result of the negligence of the Defendant herein, the Plaintiff has undergone great physical pain and mental anguish and will in the future, all to his great detriment and loss.

**WHEREFORE**, the Plaintiff, Oscar Avina Varela demands judgment against the Defendant in an amount determined by this Honorable Court to be fair and just, including interest, costs and attorney's fees, as may apply.

## *PLAINTIFF CLAIMS TRIAL BY JURY AS TO ALL COUNTS*

                              The Plaintiff,
                              By her attorneys,

*/s/ Sara W. Khan*

Sara W. Khan
BBO#680769
SHEFF LAW OFFICES, P.C.
The Daniel Webster Suite
Ten Tremont Street, 7th Floor
Boston, MA 02108
skhan@SheffLaw.com
(617) 227-7000

4

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Oscar Varela<br>**ADDRESS:** 4 East Street, Lawrence MA 01843 | | **COUNTY** Suffolk |
| | **DEFENDANT(S):** Turner Construction Company<br>Two Seaport Lane Suite 200 Boston, MA 02210 | |
| **ATTORNEY:** Sara W. Khan<br>**ADDRESS:** Sheff Law Offices, 10 Tremont Street, 7th Floor, Boston, MA 02108 | **ADDRESS:** | |
| **BBO:** 680769 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B 04 | Other Negligence - Personal Injury/Property Dam | F | ☐ YES   ☐ NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................................................ $ 100,000.00
2. Total doctor expenses ................................................................................................... $
3. Total chiropractic expenses .......................................................................................... $
4. Total physical therapy expenses .................................................................................. $ 10,000.00
5. Total other expenses (describe below) ........................................................................ $
   Subtotal (A): $ 150,000.00
B. Documented lost wages and compensation to date ..................................................... $ 120,000
C. Documented property damages to dated .................................................................... $
D. Reasonably anticipated future medical and hospital expenses .................................. $ 150,000.00
E. Reasonably anticipated lost wages ............................................................................. $ 500,000
F. Other documented items of damages (describe below) ............................................. $ 650,000.00
Pain & Suffering, loss of enjoyment, permanent impairment

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Knee injury requiring surgery

TOTAL (A-F): $ 1,680,000.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _____   Date:

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____   Date: 6.17.20

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality** *

| | |
|---|---|
| AA1 Contract Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action Involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party** †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action Involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action Involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G. L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G. L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2084CV01307 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Varela, Oscar Avina vs. Turner Construction Company | | Michael Joseph Donovan, Clerk of Court |
| TO: | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                                  DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/21/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 10/21/2020 | |
| All motions under MRCP 12, 19, and 20 | 10/21/2020 | 11/20/2020 | 12/21/2020 |
| All motions under MRCP 15 | 10/21/2020 | 11/20/2020 | 12/21/2020 |
| All discovery requests and depositions served and non-expert depositions completed | 04/19/2021 | | |
| All motions under MRCP 56 | 05/19/2021 | 06/18/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/18/2021 |
| Case shall be resolved and judgment shall issue by | | | 06/23/2022 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.
This case is assigned to

| DATE ISSUED 06/23/2020 | ASSISTANT CLERK Margaret M Buckley | PHONE (617)788-8110 |
|---|---|---|

Date/Time Printed: 06-23-2020 10:17:05

SCV026\ 03/2018